UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.

GAMINGMODZ, Inc.,
a Florida Corporation, and
RAPIDMODZ, Inc.,
a Florida Corporation,

      Plaintiffs,

v.

MEGA MODZ PLANET, LLC
a Florida Corporation,
Nikolay P. Barkalin , Viktor
Cheverda, Maxim Shkolnik, Shamil
Ramazanov, Charles Degeso III,
Jointly and severally,

      Defendants.

_____/

## VERIFIED
## COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATION OF THE LANHAM ACT, , MISAPPROPRIATION OF TRADE SECRETS, TORTIOUS INTERFERENCE, AND CONVERSION,

## (JURY TRIAL DEMANDED)

Plaintiffs, GAMINGMODZ, INC., and RAPIDMODZ, INC, each

Florida corporations, by and through undersigned counsel, hereby bring

the following Complaint against MEGA MODZ PLANET, LLC Nikolay P. Barkalin, Viktor Cheverda, Maxim Shkolnik, Shamil Ramazanov, and Charles Degeso III jointly and severally, for damages, and injunctive relief and in support thereof states as follows:

1.     Plaintiff GamingModz, Inc. is a Florida corporation with its principal place of business at 2201 Stirling Road, Dania, Broward County, Florida, 33312, within this judicial district and division.

2.     Plaintiff RapidModz, Inc., is a Florida corporation with its principal place of business at 2201 Stirling Road, Dania, Broward County, Florida, 33312, within this judicial district and division

3.     This Court has original and exclusive subject matter jurisdiction of Count I (copyright infringement) pursuant to 28 U.S.C. §§ 1331, 1338(a).

4.     This Court has original subject matter jurisdiction of Count II (Lanham Act violation) pursuant to 28 U.S.C.§§ 1331, 1338 (a) and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.     This Court has original subject matter jurisdiction of all remaining Counts pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction)

because all remaining Counts are so related to Counts I and II that they form part of the same case or controversy under Article III of the United States Constitution and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and 28 U.S.C. § 1400(b).

7.      Defendants are also subject to personal jurisdiction in Florida pursuant to §48.193(1), Florida Statutes, since the claims set forth below arise from the defendants' conduct, either personally or through an agent, of:

(a)      Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b)      Committing a tortious act within this state.

(c)      Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1.    The defendant was engaged in solicitation or service activities within this state; or

2.    Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

## BACKGROUND

8.    GamingModz, Inc., ("GamingModz") and RapidModz, Inc. ("RapidModz") use innovative designs and cutting edge technology that has made them industry leaders in the field of customized video game controllers.

9.    GamingModz and RapidModz sell their controllers online through their websites, www.GamingModz.com, and www.RapidModz.com, respectively, and in various retail outlets.

10.    GamingModz and RapidModz have invested and continue to invest considerable resources to develop designs, methods, and techniques for creating controllers that are superior to those available anywhere else in the market.

11.     GamingModz and RapidModz design processes, production methods, custom made hardware and software modifications are Trade Secrets; valuable, confidential and proprietary to GamingModz and RapidModz, and not known to the general public.

12.     GamingModz and RapidModz Trade Secrets have significant economic value and market advantage, due to their superior design which would be lost should those secrets become available to industry competitors.

13.     GamingModz and RapidModz market their controllers under the trademarks Gaming Modz™ and RapidModz™.

14.     GamingModz owns copyrights in and to the customized video controller designs including those designs listed on Exhibit A.

15.     Employees of GamingModz and RapidModz are provided an employee handbook with provisions and confidentiality statements, which are acknowledged as read and understood via signed statements, and each employee signs a non-compete agreement.

16.     GamingModz' and RapidModz customized video gaming controllers consist of visually distinct designs, custom hardware and

software modifications, which are hard-coded onto chips built into the circuit boards.

17.    Software code is written, developed, tested, and compiled entirely by GamingModz and RapidModz at their own expense. These designs are the result of many years of development, refinement and improvement by GamingModz and RapidModz and employees of one or both of them, based on their Trade Secret knowledge and testing in real world conditions.

18.    Defendant Mega Modz Planet LLC ("Mega Modz") is a Florida Corporation having a principal and/or registered place of business at 341 E. Sheridan Street, Suite 412, Dania Beach, Florida 33104, within this judicial district.

19.    Defendant Nikolay P. Barkalin ("Barkalin") is an individual residing within this judicial district and employed at Defendant Mega Modz.

20.    Defendant Viktor Cheverda ("Cheverda") is an individual residing within this judicial district and employed at Defendant Mega Modz.

21.    Defendant Maxim Shkolnik ("Shkolnik") is an individual residing within this judicial district and employed at Defendant Mega Modz.

22.    Defendant Shamil Ramazanov ("Ramazanov") is an individual residing at 4001 S. Ocean Drive #3K, Hollywood Beach, Fl 33119, within this judicial district.

23.    Defendant Charles Degeso III   ("Degeso") is an individual residing at 15205 S.W. 31th Terrace, Miami, FL 33185 within this judicial district.

24.    In February, 2010, Nikolay P. Barkalin (Barkalin) was hired by GamingModz and/or RapidModz as a "helper" to assemble controllers. Barkalin signed a non-compete agreement. For the next approximately 18 months, Barkalin had access to the trade secrets that will be explained in greater detail below. In September 2011, with disregard for his non-compete, Barkalin started Mega Modz as a direct competitor to GamingModz and RapidModz  using, *inter alia,* GamingModz copyrighted designs, misappropriating trade secrets, tortuously interfering with GamingModz's and RapidModz's contracts, and conversion of

GamingModz and RapidModz assets.

25.    Cherveda, is a former employee of GamingModz and/or RapidModz, who signed a non-compete while an employee thereof and is now working at MegaModz in violation of the non-compete which he signed.

26.    Shkolnik is a former employee of GamingModz and/or RapidModz who signed a non-compete while an employee of thereof and is now working at MegaModz in violation of the non-compete, which he signed.

27.    Ramazanov is a former employee of GamingModz and/or RapidModz who signed a non-compete while an employee of thereof and is now working at MegaModz in violation of the non-compete, which he signed.

28.    Degeso is a former employee of GamingModz and/or RapidModz who signed a non-compete while an employee of thereof. Degeso competed with GamingModz and RapidModz while employed by GamingModz and/or RapidModz in violation of the non-compete, which he signed.  Other activities of Degeso are detailed below.

29.     Barkalin, Cherveda, Shkolnick, Ramazanov, and Degeso (collectively known herein as "Individual Defendants") as employees with full admittance to the GamingModz and/or RapidModz facilities had access to:

      a.     Proprietary Manufacturing Methods

      b.     Copyrighted Designs

      c.     Proprietary Hardware specifications

      d.     Customized Software Code

      e.     Physical parts for video controllers

      f.     Finished video controllers

      g.     Sales Data

      h.     Supplier Data and

      i.     Customer Data.

30.     Stanislav Nechayev, Christopher Mayo, Olga Galan, Iaroslav Vashchenko, Joshua Barnick, Dmitriy Kunitskiy, Vladislav Olefirenko, Aliaksandr Shylenka, Siarhei Marakin, and Serhiy Nehoda, all former employees of GamingModz and/or RapidModz, and perhaps other former employees have, upon information and belief participated to varying

degrees in the activities complained of herein, and GamingModz and RapidModz reserve the right to add one or more of them as Defendants when the degree of their participation has been determined through the judicial process.

31.   All conditions precedent has been performed and/or the performance thereof has been waived.

32.   GamingModz and RapidModz has agreed to employ the undersigned counsel and pay them a reasonable a fee.

## COUNT I

## COPYRIGHT INFRINGEMENT

33.   The allegations of paragraphs 1 through 32 are incorporated herein by reference with the same force and effect as if set forth below

34.   GamingModz owns valid copyrights in their designs for video controllers.

35.   GamingModz applied for and has received Certificates of Copyright Registration for various designs for video controllers from the

10

Register of Copyrights pursuant to 17 U.S.C. § 411(b) that are the subject of Count I of this Complaint as listed on Exhibit A. To the extent Certificates of Copyright Registration have been received, they are identified on Exhibit A and copies are attached as Exhibit B.

36.     Within the three years preceding the filing of this Complaint, Defendant MegaModz, alone or in combination with one or more of the Individual Defendants as will be determined through discovery, infringed GamingModz' copyrights by, *inter alia,* reproducing the copyrighted designs on its website and on its competing video controllers and/or distributing video controllers incorporating the copyrighted video design without GamingModz' authorization in violation of 17 U.S.C. § 501.

37.     The activities complained of in this Count I have been deliberate and willful and have been carried out with the intent to injure GamingModz.

38.     As a direct and proximate cause of Defendants' conduct, GamingModz has suffered damages and will continue to suffer actual and other damages in an amount to be proven at trial which amount will not fully compensate GamingModz for the damages it has suffered.

39.     GamingModz will continue to suffer irreparable harm as a result of the Defendant's conduct unless an injunction is entered prohibiting Defendants, their officers, directors, agents, employees, or representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

## COUNT II

## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

40.     GamingModz and RapidModz incorporates the allegations of paragraphs 1 through 32 of this complaint as if fully set forth herein.

41.     GamingModz and RapidModz designs for video controllers have been well-received in the marketplace with substantial consumer recognition of GamingModz and RapidModz as the source or origin of such video controllers.

42.     Within the three years immediately preceding the filing of this Complaint, Defendant MegaModz has advertised and held itself out to be

the creator of GamingModz' and RapidModz designs for video controllers by virtue of copying such designs and MegaModz has marketed such video controllers without attribution of GamingModz and RapidModz as the originator of such designs.

43.    The marketing of such video controllers as set forth in this Count II constitutes a false designation of origin as to the creator of such designs.

44.    The marketing of such video controllers as set forth in this Count II is likely to cause confusion, mistake or deception as to the affiliation, connection or association of MegaModz' video controllers and/or as to the origin, sponsorship or approval of MegaModz' video controllers by GamingModz and RapidModz.

45.    The activities of MegaModz as set forth in this Count II have been to the injury of GamingModz and RapidModz as their interests may appear in an amount to be determined at trial but in no event less than $75,000.

46.    The activities complained of in this Count II have been deliberate and willful and with the intent to injure GamingModz and

RapidModz.

47.    MegaModz has been unjustly enriched by the activities set forth in this Count II in an amount to be determined at trial which amount should be disgorged and paid over to GamingModz and RapidModz as their interests may appear.

48.    The damage to GamingModz and RapidModz and the unjust enrichment of MegaModz can never be fully determined and, as a result, GamingModz and RapidModz will continue to suffer irreparable harm as a result of the Defendant's conduct unless an injunction is entered prohibiting Defendants, their officers, directors, agents, employees, or representatives and all persons acting in concert with them from engaging in further acts of false designations of origin.

49.    Defendants' conduct is wrongful, malicious, fraudulent, deliberate, willful and intentional, thereby making this case exceptional, and GamingModz and RapidModz are therefore entitled to recover costs of this action and attorneys fees under 15 U.S.C. §1117(a).

## COUNT III

## BREACH OF NON-COMPETE AGREEMENTS

50.     GamingModz and RapidModz incorporate the allegations of paragraphs 1 through 32 of this complaint as if fully set forth herein.

51.     The Individual Defendants are subject to the obligations of Non-compete provisions of their agreements with GamingModz and/or RapidModz which provisions are reasonable, valid and enforceable.

52.     Upon information and belief, Individual Defendants have breached the Non-compete terms of their agreements by, *inter alia,* competing with GamingModz and RapidModz directly and/or through MegaModz

53.     As a result of the actions of Individual Defendants, GamingModz and RapidModz have been and will be severely and irreparably damaged.

54.     GamingModz and RapidModz have suffered and will continue to suffer unless the Individual Defendants are prohibited from competing with GamingModz and RapidModz for a reasonable amount of time.

## COUNT IV

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

55.     GamingModz and RapidModz incorporate the allegations of

paragraphs 1 through 32 of this complaint as if fully set forth herein.

56.    MegaModz and one or more of its principals, based on prior employment by GamingModz and RapidModz, knew that GamingModz' and RapidModz employees had signed non-compete agreements with GamingModz and RapidModz.

57.    MegaModz and at least one Individual Defendant has intentionally, maliciously, and without justification or privilege acted to deprive GamingModz and RapidModz of their contractual relationships by, among other things, luring away and hiring employees of GamingModz and/or RapidModz thus tortuously interfering with GamingModz' and/or RapidModz contracts with such employees.

58.    As a result of the activities complained of in this Count IV, GamingModz and RapidModz have found it necessary to hire and train employees to be able to compete against its own prior employees.

59.    The activities complained of in this Count IV has been to the damage and injury of GamingModz and RapidModz in an amount to be determined at trial.

# COUNT V

## MISAPPROPRIATION OF TRADE SECRETS

60.     GamingModz and RapidModz incorporate the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

61.     GamingModz and RapidModz have numerous trade secrets relating to its business including but not limited to its:

        a.     Proprietary Manufacturing Methods

        b.     Proprietary Hardware specifications

        c.     Customized Software Code

        d.     Physical parts for video controllers

        e.     Finished video controllers

        f.     Sales Data

        g.     Supplier Data and

        h.     Customer Data.

62.     The trade secrets referred to in this Count V will be set forth in detail upon entry by this Court of a Confidentiality Order pursuant to Fed. R. Civ. P. 26(c) (1)(B), (G) and (H).

63.     The trade secrets referred to in this Count V constitute "trade

secrets" within the meaning of Florida's Uniform Trade Secret Act, Fla. Stat. § 688.01 *et seq.* in that they constitute information that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure and use.

64.    The trade secrets referred to in this Count V are subject to efforts, which are reasonable under the circumstances to maintain secrecy including but not limited to having employees including but not limited to the Individual Defendants, sign confidentiality agreements.

65.    Within the three years preceding the filing of this Complaint, MegaModz and the Individual Defendants have misappropriated the trade secrets referred to in this Count V and used those trade secrets for its own benefit and to the injury and detriment of GamingModz and RapidModz as their interests may appear.

66.    The activities complained of in this Count V have been deliberate and willful.

67.    GamingModz and RapidModz are entitled to recover its damages under Fla. Stat. § 688.004(1) in an amount to be proven at trial

which amount is in excess of $75,000.

68.     GamingModz   and  RapidModz  are  entitled  to  exemplary damages under Fla. Stat. § 688.004(2) in an amount to be proven at trial but no more than twice any award under Fla. Stat. § 688.004(1) for the willful and malicious misappropriation.

69.     GamingModz and RapidModz are entitled to have the Court preserve the secrecy of the trade secrets under Fla. Stat. § 688.006.

70.     GamingModz and RapidModz  are entitled to a preliminary and permanent injunction of an appropriate duration under Fla. Stat. §688.003 to prevent MegaModz and/or any Individual Defendant from obtaining any commercial advantage from the activities set forth in this Count V.

71.     GamingModz and RapidModz are entitled to an award of its attorney fees under Fla. Stat. §688.005.

## COUNT VI
## CONVERSION UNDER FLORIDA COMMON LAW

72.     GamingModz and RapidModz incorporate the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

73.     Video controllers include a shell or casing, various push

buttons or a joystick (i.e., "controls") and internal components.

74.     GamingModz and RapidModz have developed an extensive business in customizing video controllers including but not limited to (a) painting video controller shells, (b) placing a copyrighted design on the controller shell (c) modifying internal components of the video controllers, and (d) modifying the "controls" for the video controllers.

75.     GamingModz and RapidModz purchase video controller shells and video controller internal components as well as material for manufacturing the "controls", has paid for the same, and has a clear ownership right or right of possession of thereof.

76.     Defendant Degeso has, within the three years prior to the filing of this Complaint, taken and misappropriated and converted to his own use, video controller shells, video controller "controls" and/or finished video controllers from GamingModz and RapidModz inventory, without paying for the same, and with no intent to return to the same.

77.     The total value of the property misappropriated from GamingModz and RapidModz and referred to in this Count VI is unknown because the same has not been totally accounted for but the retail

value of the misappropriated property, to the extent that it has been accounted for, exceeds $900,000 (nine hundred thousand dollars).

78.    Upon information and belief, MegaModz used its relationship with Degeso, to avail itself of his access to physical inventory of GamingModz and RapidModz for the purpose of misappropriating and converting GamingModz and RapidModz products and reselling them as MegaModz branded products.

79.    When   GamingModz   and   RapidModz   discovered   the discrepancies in their inventory, GamingModz and RapidModz released Degeso from employment, for cause, at which time MegaModz, on information and belief, for the purpose of (a) rewarding Degeso for the inventory that had been converted and (b) using GamingModz and RapidModz trade secrets, hired Degeso to work for MegaModz and to continue to compete with GamingModz and RapidModz.

80.    MegaModz thus operated and operates a successful custom video game controller business at http://megamodzplanet.com/, using not only GamingModz and RapidModz trade secrets but also using customized controllers, "controls" and controller shells converted from GamingModz'

and RapidModz inventory with no intent to return the same.

81.    As a consequence of the wrongful conversion of GamingModz and RapidModz controllers, controller shells, and "controls", GamingModz and RapidModz have suffered and will continue to suffer irreparable harm and loss.

82.    GamingModz and RapidModz are entitled to, and seeks recovery of the retail value of their goods, as their interests may appear, and their attorneys' fees and costs, as such amounts are determined based on proofs at trial.

## PRAYER FOR RELIEF

WHEREFORE, the GamingModz and RapidModz pray that this Court:

A.    Impound all copyright infringements during the pendency of this action as provided for pursuant to 17 U.S.C. § 503(a);

B.    Order destruction of all copyright infringements at the conclusion of this matter as provided for pursuant to 17 U.S.C. § 503(b);

C.    Preliminarily and permanently enjoin all acts of copyright infringement;

D.   Preliminarily and permanently enjoin all violations of the Lanham Act;

E.   Preliminarily and for an appropriate duration of time enjoin each Defendant from misappropriate of any of GamingModz' and RapidModz trade secrets;

F.   Preliminarily and for an appropriate duration of time enjoin each Individual Defendant from violation of the non-compete agreements;

G.   Preliminarily and for an appropriate duration of time enjoin each Defendant from violation of any confidentiality obligation;

H.   Award GamingModz and RapidModz , as their interests may appear, the damages each has suffered under each Count of the Complaint in an amount established at trial;

I.   Find that the actions of each Defendant have been deliberate, willful and malicious and award GamingModz and RapidModz exemplary damages under each Count of the Complaint where permitted by applicable law;

J.   Award   GamingModz  and  RapidModz    their   reasonable

attorney fees under each Count of the Complaint where permitted by applicable law;

K.  Require each Defendant to disgorge any of its ill-gotten gains;

L.  Award GamingModz and RapidModz  their costs of this action; and

M.  Award GamingModz and RapidModz such additional relief as appears just and proper to the Court.


GamingModz and RapidModz hereby demand a trial by jury of all issues so triable.



DATED: April 18, 2013

Schneider Rothman Intellectual
Property Law Group PLLC
PO Box 812182
Boca Raton, FL 33481-2182
561-404-4350
Fax: 561-404-4353
Attorneys for Plaintiff

By:   /s/ Jerold I. Schneider_____

24

Joel B. Rothman
Florida Bar No. 98220
joel.rothman@sriplaw.com
Jerold I. Schneider
Florida Bar No. 0026975
jerold.schneider@sriplaw.com

-and-

Schlackman Intellectual Property Law,
PLLC
1344 Euclid Ave, Unit 2
Miami Beach, FL 33139
917.816.3234
Attorney for the Plaintiff

By:  /s/ Steven L. Schlackman
Steven L. Schlackman
Florida Bar No. 84655
steve@iplawmaster.com

## <u>VERIFICATION OF COMPLAINT</u>

Alexander Golubev declares under penalty of perjury of the laws of the United States, as provided for in Title 28, United States Code, §1746, that he the facts set forth in the above complaint are true and correct.


Executed on April 18, 2013

_____
Alexander Golubev